UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.D.,<br><br>                         Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                         Respondents. | Case No.: 25-cv-02581-BJC-JLB<br><br>**ORDER SETTING HEARING AND BRIEFING SCHEDULE AND GRANTING MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM**<br><br>**ECF Nos. 2, 3** |

    On September 30, 2025, Petitioner D.D., a citizen of Iran, filed a Petition for a Writ of Habeas Corpus seeking declaratory and injunctive relief. ECF No. 1. He alleges he is currently detained at the Otay Mesa Detention Center as he pursues asylum, withholding of removal and protection under the Convention Against Torture. Pet. ¶ 18. He further alleges he has been in the custody of the Department of Homeland Security since he was detained on March 2, 2025, and he has not been provided a bond hearing. *Id*. ¶ 18-19. According to Petitioner, he is charged as having entered the United States without admission or inspection, and, absent Court intervention, he will not be provided a bond hearing because immigration judges have no authority to consider bond requests for any person who entered the United States without permission. *Id*. ¶ 21-22.   *Id*. ¶¶ 2, 3, 6, 24,

33, 39, 42, 45.  The BIA denied his request for an administrative stay of removal on June 23, 2025.  *Id*. ¶¶ 4, 24, 41.  Petitioner also alleges his detention without a bond hearing is unconstitutional because it exceeds six months.  *Id*. ¶¶ 29-36.

Petitioner requests the Court assume jurisdiction over the matter, determine Petitioner's detention is not justified because the government has not established by clear and convincing evidence that he presents a risk of flight or danger, and order Petitioner's release.  *Id*. at 15.[1]  In the alternative, Petitioner requests the Court order (1) his release within fourteen days unless Respondents schedule a hearing before an immigration judge at which the government must establish by clear and convincing evidence Petitioner presents a risk of flight or danger to continue his detention, and (2) if the government cannot meet its burden, direct the immigration judge to order Petitioner's release on appropriate conditions of supervision.  *Id*.  Petitioner further requests declaratory, injunctive relief, and fees and costs.  *Id*. at 16.

**I. Motion for a Temporary Restraining Order**

On October 1, 2025, Petitioner filed a Motion for Temporary Restraining Order.  ECF No. 2.  He contends he is likely to succeed on the merits of his action because his detention without an individualized bond hearing violates his right to due process.  *Id*. at 11-16.  He further contends he will suffer irreparable harm absent injunctive relief based upon the detrimental impact of detention in prison-like conditions, including physical and psychological harm.  *Id*. at 16-17.  Petitioner requests the Court issue a temporary restraining order and a preliminary injunction enjoining Respondents from continuing to detain him unless he is afforded, within fourteen days, an individualized bond hearing and a temporary restraining order preventing the Respondents from removing or transferring him outside the jurisdiction of the Southern District of California.  *Id*. at 18-19.

The Court finds it appropriate set a briefing schedule and hearing on the motion for

---

[1] Page numbers refer to those generated by the Court's CM/ECF system.

a temporary restraining order.  Additionally, the Court finds a limited stay is necessary to preserve the *status quo* to allow the Court to hold the hearing and provide a reasoned decision on the pending motion.  *See E-C-R- v. Noem*, No. 3:25-CV-1230-SI, 2025 WL 2300543, at *1 (D. Or. July 16, 2025) (finding an order under the All Writs Act, 28 U.S.C. § 1651, necessary to prevent the arrest, detention or deportation of the plaintiff while the parties litigate the merits of the plaintiff's motion for injunctive relief); *Du v. United States Dep't of Homeland Sec.*, No. 3:25-CV-644 (OAW), 2025 WL 1317944, at *2 (D. Conn. Apr. 24, 2025) (enjoining the defendants, under the All Writs Act, from removing the plaintiffs from the District of Connecticut to preserve the court's jurisdiction).

## II.  Motion for Leave to Proceed Under a Pseudonym

Petitioner moves to proceed under a pseudonym.  He argues this litigation involves confidential harm he endured in Iran and may require the disclosure of his private mental and physical health information.  ECF No. 3 at 3.  Additionally, he argues disclosure of asylum seekers' information may subject them to retaliatory measures if they are repatriated, thereby putting he and his family at risk of persecution.  *Id*.  He maintains there is no prejudice to Respondents because counsel reached out to the Assistant United States Attorney and notified the government of Petitioner's identity.  Petitioner further maintains allowing him to proceed under a pseudonym serves the public interest because forcing him to reveal his identify to the public would limit court access for anyone with a legitimate fear of mistreatment or retaliation by the government.  ECF No. at 4-5.

Courts permit a party to use a pseudonym in unusual cases when necessary "to protect a person from harassment, injury, ridicule or personal embarrassment."  *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1980).  When parties seek to use a pseudonym to shield themselves from retaliation, the court must evaluate "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears and (3) the anonymous party's vulnerability to such retaliation."  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (internal citations omitted).  In light of the lack of prejudice to Respondents and risk of harm to Petitioner if his identity is revealed, the

Court finds Petitioner's use of a pseudonym is warranted.

Based on the foregoing, IT IS HEREBY ORDERED:

1. Respondents shall file a response to the Application for a Temporary Restraining Order **no later than close of business on October 8, 2025**.

2. Petitioner may file a reply **no later than close of business on October 10, 2025**.

3. The parties shall appear before this Court for hearing Petitioner's Application for a Temporary Restraining order **on October, 14 2025 at 10:30 A.m.**

4. Respondents, their agents, employees, successors, attorneys, and all persons acting in active concert or participation with them are hereby ENJOINED from removing Petitioner from the United States or this District pending further order of the Court, to maintain the *status quo* to allow the Court to hold a hearing and provide a reasoned decision to the request at hand.

5. Petitioner's motion for leave to proceed under a pseudonym is **GRANTED**.

**IT IS SO ORDERED**.

Dated: October 1, 2025

_____
Honorable Benjamin J. Cheeks
United States District Judge