UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.D.,<br><br>        Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>        Respondents. | Case No.: 25-cv-02581-BJC-JLB<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION**<br><br>**ECF Nos. 1, 2** |

## BACKGROUND

On September 30, 2025, Petitioner D.D., a citizen of Iran, filed a Petition for a Writ of Habeas Corpus seeking declaratory and injunctive relief. ECF No. 1. He alleges he is currently unlawfully detained at the Otay Mesa Detention Center as he pursues asylum, withholding of removal, and protection under the Convention Against Torture. Pet. ¶ 18. He further alleges he has been in the custody of the Department of Homeland Security ("DHS") since he was detained on March 2, 2025, without a bond hearing. *Id*. ¶ 19, 20. According to Petitioner, absent Court intervention, he will not be provided a bond hearing because immigration judges have no authority to consider bond requests for any person who entered the United States without permission. *Id*. ¶ 21-22. Petitioner also alleges

his detention without a bond hearing is unconstitutional because it exceeds six months. *Id*. ¶¶ 29-36.

On October 1, 2025, Petitioner filed a Motion for Temporary Restraining Order ("TRO"). ECF No. 2. Respondents filed a response to the motion for a TRO and the petition on October 9, 2025. ECF No. 6. Petitioner filed a reply on October 10, 2025. ECF No. 8. The parties appeared before this Court for a hearing on October 14, 2025.

## DISCUSSION

Petitioner requests the Court assume jurisdiction over the matter, determine Petitioner's detention is unjustified because the government has not established by clear and convincing evidence that he presents a risk of flight or danger, and order Petitioner's release. ECF No. 1 at 15.[1] In the alternative, Petitioner requests the Court order (1) his release within fourteen days unless Respondents schedule a hearing before an immigration judge at which the government must establish by clear and convincing evidence Petitioner presents a risk of flight or danger to continue his detention, and (2) if the government cannot meet its burden, direct the immigration judge to order Petitioner's release on appropriate conditions of supervision. *Id*. Petitioner requests the same relief in the motion for a TRO. ECF No. 2 at 18-19.

Respondents argue Petitioner's claims are barred by 8 U.S.C. § 1252, and he fails to demonstrate he is entitled to injunctive relief. ECF No. 6.

### I. Jurisdiction

Respondents contend, to the extent Petitioner is challenging the detention authority to which he is subjected, his claims are jurisdictionally barred under 8 U.S.C. § 1252(g) because his claim necessarily arises from the decision to commence proceedings and adjudicate cases. ECF No. 6. They argue § 1252(g) bars district courts from hearing challenges to the method by which the government chooses to commence removal

---

[1] Page numbers refer to those generated by the CM/ECF system.

proceedings, including the decision to detain an alien pending removal. *Id*. at 4. As such, they argue Petitioner's claims, which stem from his detention, arise from the decision to commence removal proceedings against him. *Id.*

Petitioner maintains Respondents' argument that § 1252(g) deprives this Court of jurisdiction to hear his claim has been rejected by the Ninth Circuit and multiple district courts within the Southern District of California. ECF No. 8 at 2. Petitioner maintains he does not challenge Respondents' decision to commence removal proceedings against him, adjudicate his removal case, or to execute any removal order. *Id*. at 3. Instead, he maintains he seeks review of the legality of his detention under the Due Process Clause and to enforce his rights. *Id.*

Congress explicitly divested the court of jurisdiction over claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). The provision is read narrowly and does not apply to every decision or action that may be a part of the deportation process, only those involving the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders. *Ibarra-Perez v. United States,* No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (citing *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999)). It is a "discretion-protecting provision" and does not divest courts of jurisdiction to hear legal challenges that do not implicate the Attorney General's discretionary authority. *Id*. (citing *United States v. Hovsepian*, 359 F.3d 1144 (9th Cir. 2004)). Challenges to unconstitutional practices and policies that do not arise from the Attorney General's decision to commence proceedings, adjudicate cases or execute removal orders, but are merely collateral to those, are not subject to § 1252(g). *Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (citing *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991)).

Petitioner's claim, which challenges his mandatory detention without a bond hearing as unconstitutional, is merely collateral to, but does not arise from the decision to commence and adjudicate proceedings. *See Gao v. LaRose,* No. 25-CV-2084-RSH-SBC,

2025 WL 2770633 (S.D. Cal. Sept. 26, 2025) (finding the petition challenging the legality of his detention and seeking release from custody is not barred by § 1252(g)); *Garcia v. Noem*, No. 25-CV-02180-DMS-MMP, 2025 WL 2549431, *4 (S.D. Cal. Sept. 3, 2025) (finding the petition seeking a bond hearing did not contest charges brought against petitioners or the initiation of removal proceedings); *Nguyen v. Fasano*, 84 F. Supp. 2d 1099, 1104 (S.D. Cal. 2000) ("Petitioners' challenge to their indefinite detention is [ ] distinct from a petition that seeks review of the bond determination itself."); *Alikhani v. Fasano*, 70 F. Supp. 2d 1124, 1126 (S.D. Cal. 1999) ("[A] challenge to the constitutionality of confinement pending deportation does not address any discretionary action by the Attorney General, and "does not implicate the three categories of unreviewable decisions specified in § 1252(g)."); *Diaz-Zaldierna v. Fasano*, 43 F. Supp. 2d 1114, 1117 (S.D. Cal. 1999) ("The propriety of holding petitioner without any possibility of release on bail is distinct from a 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.'"); *see also Bello-Reyes v. Gaynor*, 985 F.3d 696, 700 n.4 (9th Cir. 2021) (finding § 1252(g) did not bar the court's review of the petition that challenged the petitioner's re-arrest and detention as unconstitutional retaliation for his protected speech because it did not challenge the commencement or adjudication of removal proceedings or execution of removal orders). The Court is not persuaded by district court cases outside the Ninth Circuit that Respondents rely upon in support of their contention. Accordingly, § 1252(g) does not deprive this Court of jurisdiction to hear Petitioner's claims.

**II.  Merits of the Petition**

Petitioner contends he is likely to succeed on the merits of his action because his detention of approximately 7.5 months without an individualized bond hearing violates his right to due process. ECF No. 2 at 11-16. He asserts that detention without an individualized bond hearing, during which the government must show by clear and convincing evidence that he is a danger to the community or a flight risk, is *per se* unconstitutional when it exceeds six months. *Id*. at 13. Petitioner further argues the likely

duration of future detention also weights in his favor. *Id*. at 15. He maintains his individual hearing is scheduled for November 7, 2025, but it is possible the immigration judge may continue the proceedings for additional testimony or take the matter under advisement for an undetermined length of time, and either side can appeal the decision to the BIA and the Ninth Circuit Court of Appeals. *Id*. at 15. He further maintains after his first master calendar hearing and the filing of his application for asylum, the immigration judge continued the proceedings multiple times, which lengthened his stay in custody without a bond hearing. *Id*.

Respondents argue the Court should reject his claim because an alien detained under § 1225(b)(1) does not have a due process right to release or a bond hearing after being detained. ECF No. 6 at 8. Even if the Court infers a constitutional right against prolonged mandatory detention, Respondents argue Petitioner's claim still fails because he has been detained for a little over seven months, removal proceedings are moving forward, and Petitioner is scheduled to appear for an individual hearing before an immigration judge on November 7, 2025. *Id*. They contend there is no indication that any final decision by the immigration judge will be delayed in light of the fact the immigration judge advanced the individual hearing date from January 6, 2026 to November 7, 2025 at Petitioner's request. *Id*. Respondents argue, on this record, the Court cannot find that detention has become so unreasonable as to require an initial bond hearing. *Id*.

In reply, Petitioner contends two district courts within the Southern District of California[2] have rejected Respondents' argument that he has no due process rights other than those afforded to him by Congress because he is subject to mandatory detention. ECF 8 at 4. He also argues, even if the Court declines to adopt a bright line rule, the Court should find that detention in excess of six months is a factor weighing in his favor because a contrary determination would produce an anomalous result where detainees in the Central

---

[2] *See Gao v. LaRose*, No. 25-CV-2084-RSH-SBC, 2025 WL 2770633 (S.D. Cal. Sept. 26, 2025); *Kydyrali v. Wolf*, 499 F. Supp. 3d 768 (S.D. Cal. Nov. 4, 2020).

and Northern Districts of California are afforded bond hearings at the six-month mark, but detainees in the Southern District have to wait a longer, but unspecified amount of time before their detention becomes unconstitutional, leaving detainees to guess how long is too long.  *Id*. at 8.  Additionally, Petitioner argues the lengthy time associated with appeals is a major factor that other courts in this district considered when analyzing the total anticipated length of detention.  *Id*.

**A. Constitutional Right Against Prolonged Mandatory Detention**

Petitioner contends he is being detained without a bond hearing because the BIA has determined that those subjected to 8 U.S.C. § 1126(a)(6)(A)(i) are ineligible to be released on bond, and it would be futile for him to seek a bond hearing in light of the BIA's belief he is ineligible.  ECF No. 1 ¶¶ 21-22.  Respondents contend Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(1)(B)(ii) and his due process claims are foreclosed by the statutory constraints of that provision.  ECF No. 6 at 7.  The parties dispute whether Petitioner is subject to detention pursuant to 8 U.S.C. § 1225(b)(1) or § 1225(b)(2), but agree the analysis is the same because both sections mandate detention.[3]  ECF Nos. 6 at 6, 8 at 4, n.1.

Many district courts addressing habeas petitions asserting claims based upon mandatory detention have determined that prolonged detention without a bond hearing violates due process rights.  *See Gao v. LaRose*, No. 25-CV-2084-RSH-SBC, 2025 WL 2770633, at *3 (S.D. Cal. Sept. 26, 2025) (listing cases).  Additionally, the Supreme Court and the Ninth Circuit have recognized that indefinite prolonged detention of an alien raises due process concerns.  *Zadvydas v. Davis*, 533 U.S. 678, 690, (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem."); *Rodriguez*

---

[3] Pursuant to § 1225(b)(1), if an officer determines an alien has a credible fear of persecution, "the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). Under § 1225(b)(2), "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding" to determine the alien's admissibility. 8 U.S.C. § 1225(b)(2).

*v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."). Accordingly, this Court finds a prolonged detention without a bond hearing raises due process concerns that are inextricably linked to the length of incarceration.

**B. Petitioner's Detention**

Petitioner has been detained without a bond hearing since March 2, 2025. ECF No. 1 ¶ 19; ECF No. 2 at 6. DHS initiated removal proceedings, and Petitioner is scheduled to appear before an immigration judge for an individual hearing on his application for relief from removal on November 7, 2025. ECF No. 1 ¶ 24; ECF No. 2 at 8; ECF No. 6 at 2-3.

As an initial matter, and contrary to Petitioner's request, the Court declines to adopt a bright line rule that detention for more than six months without a bond hearing is *per se* unconstitutional. Neither *Demore v. Kim*, 538 U.S. 510, 515 (2003), nor *Zadvydas*, 533 U.S. 678, support a bright line rule. Instead, this Court finds the three-factor balancing test from *Lopez v. Garland*, 631 F. Supp. 3d 870 (E.D. Cal. 2022) provides an appropriate assessment of the possible constitutional implications of Petitioner's ongoing detention without process. The *Lopez* three-factor test includes an evaluation of (1) the total length of detention, (2) the likely duration of future detention, and (3) delays in the removal proceedings caused by the petitioner and the government. *Lopez*, 631 F.Supp.3d at 879.

Petitioner has been detained for over seven months. Courts in this district have found detention for much longer periods to be unreasonably prolonged. *Durand v. Allen*, 23-cv-00279-RBM-BGS, 2024 WL 711607 at *5 (S.D. Cal. Feb. 21, 2024)(finding a thirty-two month detention unreasonable); *Sibomana v. LaRose*, No. 22-cv-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (involving a nineteen month detention); *Sanchez-Rivera v. Matuszewski*, No. 22-cv-1357-MMA-JLB, 2023 WL 139801 at *6 (S.D. Cal. Jan. 9, 2023) (involving a detention for three years). While not a bright line rule, generally, courts "become extremely wary of permitting continued custody absent a bond hearing"

after a petitioner is detained past a year. *Yagao v. Figueroa*, No. 17-cv-2224-AJB-MDD, 2019 WL 1429582 at *2 (S.D. Cal. Mar. 29, 2019) (quoting *Muse v. Sessions*, No. 18-CV-0054 (PJS/LIB), 2018 WL 4466052, at *4 (D. Minn. Sept. 18, 2018)). A district court recently determined a petitioner's ten-month detention without a bond hearing violated due process. *Gao*, 2025 WL 2770633. However, the court explicitly indicated the ten months was unreasonable based upon the "specific circumstances" of that case, and the court did not find ten months is generally unreasonable. *Id*. Petitioner's detention here falls short of even that timeframe. As such, this factor weighs against finding Petitioner's detention implicates due process concerns.

The likely duration of future detention also weighs against Petitioner. Petitioner's request to expedite his individual merits hearing before the immigration judge was granted, and it is currently scheduled for November 7, 2025. Although the outcome of this hearing is yet to be determined, this fact does not support Petitioner's claim that his detention will continue for a significant time in the future. At this juncture, the Court declines to engage in the speculation that Petitioner relies on in his argument on this point.

The circumstances surrounding this petition support that the delay factor is neutral. The government waited three months after detaining Petitioner to provide him his first hearing, and his hearings were continued multiple times by the immigration judge. However, the immigration judge moved his merits hearing from January 2026 to November 2025, giving Petitioner an opportunity to seek relief sooner than previously scheduled.

On balance, the length of Petitioner's detention and the likely future duration weigh against Petitioner, and the final factor is neutral. Therefore, the Court finds that Petitioner's continued detention, at this point, is not so unreasonable that it requires a bond hearing to meet due process standards.

///
///
///
///

## CONCLUSION AND ORDER

Based on the foregoing, the Court finds Petitioner fails to demonstrate he is entitled to habeas relief. Accordingly, the Court **ORDERS**:

1. The motion for a temporary restraining order is **DENIED**.
2. The Petition for a Writ of Habeas Corpus is **DENIED**.
3. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: October 22, 2025

_____
Honorable Benjamin J. Cheeks
United States District Judge